FILED
United States Court of Appeals
Tenth Circuit

September 27, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ZU-CHEN HORNG,

     Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

     Respondent.

No. 15-9579
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.
_____

Zu-Chen Horng, a citizen of Taiwan, seeks review of the Board of Immigration

Appeals' order affirming the Immigration Judge's order finding him ineligible for

adjustment of status or a waiver of inadmissibility. We have jurisdiction under

8 U.S.C. § 1252 and remand to the BIA for further proceedings.

Horng was admitted to the United States in 1981 on a temporary tourist visa

but stayed beyond the authorized period. He was convicted in Utah state court of

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

shoplifting in 1990, theft in 1992, battery in 1993, and felony possession of a controlled substance under Utah Code Ann. § 58-37-8(2) in 1994. He was charged in 2012 with being removable as an alien convicted of two crimes involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii), based on his shoplifting and theft convictions, and he conceded removability.

Horng then applied for adjustment of status to become a permanent resident under 8 U.S.C. § 1255(i). But his controlled-substance conviction rendered him potentially ineligible under 8 U.S.C. § 1182(a)(2)(A)(i)(II), which states that an alien is inadmissible, and thus ineligible for adjustment under §1255(i), if he's been convicted of a "controlled substance" offense, as that term is defined in 21 U.S.C. § 802. Horng sought a waiver of inadmissibility under 8 U.S.C. § 1182(h), which permits a waiver if the controlled-substance conviction was for "a single offense of simple possession of 30 grams or less of marijuana." § 1182(h). But the record of Horng's controlled-substance conviction doesn't identify the controlled substance he was convicted of possessing.

Courts generally employ a "categorical" approach to determine if a state controlled-substance conviction qualifies as an offense under § 802 for immigration purposes. *See Mellouli v. Lynch*, 135 S. Ct. 1980, 1987 (2015). Under that approach, we determine if the state controlled substance statute categorically fits § 802. *See id.* at 1990-91. The IJ determined, and the government concedes, that a violation of Utah § 58-37-8(2) is not categorically a controlled-substance offense under

2

§ 1182(a)(2)(A)(i)(II) because Utah's list of controlled substances includes substances not listed in § 802.

Courts may use a "variant" of the categorical approach, called a "modified categorical approach," if the statute of conviction is "divisible"; that is, if it "sets out one or more elements of the offense in the alternative." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Under this approach, we may look to certain documents to determine which alternative formed the basis of the prior conviction. *Id.* But if a statute isn't a categorical match, and it isn't divisible, it can't be used as the underlying predicate or disqualifying offense. *Id.* at 2285-86 (holding that an indivisible, overbroad statute can't serve as the basis for a predicate offense).

Utah § 58-37-8(2)(a)(1) makes it unlawful to "knowingly and intentionally . . . possess or use a controlled substance," referencing a list of controlled substances written in the disjunctive in § 58-37-8(2)(b). Utah Code Ann. § 58-37-8(2) (1994). The IJ determined that § 58-37-8(2) was divisible and thus applied the modified categorical approach, ultimately concluding from his review of the underlying documents that Horng failed to show his eligibility for adjustment of status or a waiver of inadmissibility.

Horng appealed to the BIA, arguing the Utah statute was overbroad and indivisible. During the pendency of his BIA appeal, we decided *United States v. Trent*, 767 F.3d 1046 (10th Cir. 2014), holding that a statute is divisible if it sets out alternative ways of committing the crime, even if those means weren't alternative

3

"elements in the traditional sense." *Id*. at 1060-61.  Based on *Trent*, the BIA agreed that § 58-37-8(2) was a divisible statute and affirmed.

Horng seeks review, arguing § 58-37-8(2) is not a "divisible" statute because it criminalizes only the use of a controlled substance; he contends the identity of the controlled substance isn't an element of the crime.  And since it's undisputed the Utah statute is overbroad—that is, it criminalizes possession of substances that aren't controlled substances in § 802—Horng contends the Utah conviction can't be used to determine he is ineligible for adjustment of status based on a controlled substance conviction.

We generally lack jurisdiction to review the discretionary denial of relief under § 1255(i) and § 1182(h), *see* § 1252(a)(2)(B)(i), but here we have jurisdiction because Horng raises purely legal issues.  *See* § 1252(a)(2)(D) (permitting court to review constitutional claims and questions of law).

While Horng's petition for review was pending in this court, the Supreme Court decided *Mathis v. United States*, 136 S. Ct. 2243 (2016), overruling *Trent* and holding that the modified categorical approach can be used only when a statute lists alternative elements of the crime; with "elements" strictly defined as the "constituent parts of a crime's legal definition" that must be proved beyond a reasonable doubt or that a defendant must necessarily admit to plead guilty.  *Id.* at 2248, 2253 (internal quotation marks omitted).  *Mathis* rejected *Trent*'s conclusion that a statute could be considered divisible if it lists alternative means of satisfying its elements, *id.* at 2248, 2253, and made clear that the modified categorical approach can't be used "as a

4

technique for discovering whether a defendant's prior conviction, even though for a too-broad crime, rested on facts. . . that also could have satisfied the [relevant] elements" of the predicate or disqualifying offense, *id*. at 2254.

The BIA's determination that § 58-37-8(2) is divisible relied upon *Trent'*s now-overruled holding that a statute is divisible if it uses alternative statutory phrases. Neither the IJ nor the BIA determined whether Utah treats the identity of the specific controlled substance as an element of the § 58-37-8(2) crime that must be proven beyond a reasonable doubt. In light of *Mathis*, the BIA's divisibility analysis is no longer valid. Accordingly, we vacate the BIA's decision and remand this matter to the BIA for further consideration in light of *Mathis*.[1]

                                        Entered for the Court


                                        Nancy L. Moritz
                                        Circuit Judge

---

[1] Horng also argues in his petition for review that *Descamps'* categorical analysis is a legal determination not subject to his burden of proving he is eligible for discretionary relief. On remand, resolution of whether § 58-37-8(2) is a divisible statute may obviate the need to address this burden-of-proof argument.